IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, ILLINOIS PENSION FUND AND BOARD OF TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, ILLINOIS WELFARE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>THERESA MEDINA and ANTHONY MEDINA, individually and d/b/a J & M MECHANICAL<br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.<br><br>Judge<br><br>Magistrate Judge | FILED: MAY 28, 2008<br>08CV3086    PH<br>JUDGE NORGLE<br>MAGISTRATE JUDGE SCHENKIER |

COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **THERESA MEDINA and ANTHONY MEDINA, individually and d/b/a J & M MECHANICAL**, as follows:

COUNT I

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are the BOARD OF TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, ILLINOIS PENSION FUND AND BOARD OF

TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, ILLINOIS WELARE FUND, (the "Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers Local 422 and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. Defendants, **THERESA MEDINA and ANTHONY MEDINA d/b/a J & M MECHANICAL** ("**J & M**") are employers engaged in an industry affecting commerce with its principal place of business within this Court's jurisdiction.

5. On October 1, 2004, **THUNDERBIRD PLUMBING, INC. ("THUNDERBIRD")** entered into a collective bargaining agreement with the Union pursuant to which it was required to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

6. By virtue of certain provisions contained in the collective bargaining agreements, **THUNDERBIRD** was bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **THUNDERBIRD** was required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining

whether or not it is in compliance with its obligation to contribute to the Funds.

8.  Plaintiffs are advised and believe that **THUNDERBIRD** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes. **THUNDERBIRD** recently filed for bankruptcy protection.

9.  **J & M** is liable for unpaid benefits for bargaining unit employees on the payroll of **THUNDERBIRD** and **J & M** as **J & M** is the successor and/or alter ego to **THUNDERBIRD** under applicable labor relations theory in that:

   a.  **Anthony Medina** controls(ed) the labor relations policy making of both companies;

   b.  The companies are interrelated and share common employees, equipment, materials and jobs in that **J & M** uses all of the foregoing which previously and/or currently were used by **THUNDERBIRD**;

   c.  The companies share common management including **Anthony Medina**, and

   d.  On information and belief the companies share common ownership, i.e. **Anthony Medina** and/or his close family relations.

10. By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable, but to be measured by the amount of benefits owed by **J & M** for its employees and for benefits owed but not paid by **THUNDERBIRD** for its bargaining unit employees.

WHEREFORE, Plaintiffs pray for relief as follows:

     A.     **J & M MECHANICAL** be ordered to submit to an audit for **October 1, 2004 to the present.**

     B.     Judgment be entered in favor of Plaintiffs and against **THERESA MEDINA and ANTHONY MEDINA d/b/a J & M MECHANICAL** in the amount of benefits owed but unpaid by **THUNDERBIRD PLUMBING, INC.** and **J & M MECHANICAL.**

     C.     Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

     D.     **J & M MECHANICAL** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

     E.     This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

     Respectfully submitted,

     **TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502, et. al.**

     By: s/ Donald D. Schwartz
         One of its Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

## MEMORANDUM OF AGREEMENT

THIS AGREEMENT is entered into between PLUMBERS AND PIPEFITTERS LOCAL 422 ("the Union"), and __Thunderbird Plumbing__, "the Employer".

1. Employer hereby recognizes the Union as the sole and exclusive collective bargaining representative of all the Employer's employees performing work within the craft and geographic jurisdiction of the Union with respect to wages, hours of work, fringe benefits and all other terms and conditions of employment in the geographic jurisdiction of Local 422, including all or portions of Will, Grundy, Kankakee, Iroquois, LaSalle, Bureau, Putnam, Kendall, Marshall, Livingston and Woodford counties and whatever additional jurisdiction may be awarded by the United Association and such other work which the Union may hereafter acquire jurisdiction.

2. The Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's plumbers and/or pipefitters apprentices, helpers, service and maintenance and residential employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent a majority of these employees in accordance with Section 9 of the National Labor Relations Act without the need for a Board Certified Election.

3. The Employer affirms the Collective Bargaining Agreements between the Union and the Plumbing and Mechanical Contractors Association, Joliet and all subsequent amendments thereto for the period June 1, __1994__ through May 31, __1995__.

4. The Employer agrees to pay the amounts it is bound to pay under the Collective Bargaining Agreement to the Pension Fund, Welfare Fund, Training and Industry Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such funds.

5. This Agreement shall become effective upon signature and shall remain in full force and effect through May 31, __1995__ and continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or Certified Mail, prior to expiration by either party hereto to the desire to modify, amend or terminate this agreement through negotiations. The absence of such notice newly negotiated area wide Agreements between the Union and the Associations with all improvements, modifications and amendments thereto and incorporating them herein.

6. This document is the complete written agreement between the parties and can only be amended in writing by their parties. No other oral representations shall be binding on either party nor shall rely upon such oral statements that vary their terms of the written contract.

7. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures.

IN WITNESS WHEREFORE, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this __1st__ day of __October 2004__.

EMPLOYER: Thunderbird Plumbing

Anthony Medina, President
NAME & TITLE (PRINT)

ADDRESS: 8 Barbados Dr.
Putnam, IL 61560

SIGNATURE

Gary Blankenship
Business Manager
Plumbers & Pipefitters Local 422

EXHIBIT A

WHITE – Office Copy        CANARY – Employer's Copy        PINK – Fringe Benefit Office Copy